## PROMISSORY NOTE

*TRUE CERTIFIED COPY*

| NAMES OF ALL BORROWERS | LENDER: |
|---|---|
| FREDERICA SMITH<br>WILLIE R SMITH<br><br>3096 POOLE RD ROAD<br>KINSTON, NC 28504 | THE CIT GROUP/CONSUMER FINANCE, INC.<br>5000 FALLS OF NEUSE ROAD<br>SUITE 405-5000 N. PRK. BLD.<br>RALEIGH, NC 27609 |

| LOAN NUMBER | DATE | YEARLY INTEREST RATE (Agreed Rate of Charge) | DATE FINANCE CHARGE BEGINS TO ACCRUE | NUMBER OF PAYMENTS | DATE DUE EACH MONTH | DATE FIRST PAYMENT DUE |
|---|---|---|---|---|---|---|
|  | 08/30/02 | 8.45 % | 09/05/02 | 360 | 5 th | 10/05/02 |

| AMOUNT OF FIRST PAYMENT | AMOUNT OF OTHER PAYMENTS | DATE FINAL PAYMENT DUE | PRINCIPAL BALANCE |
|---|---|---|---|
| $ 434.73 | $434.73 | 09/05/32 | $ 56,800.00 |

This loan is secured by a Deed of Trust on the real property located at: _____

3096 POOLE RD KINSTON, NC 285045917

The words "I," "me," "my" and "us" refer to all Borrowers signing this Note. The words "You" and "Your" refer to the Lender or the Lender's transferee if this Note is transferred.

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay the Principal Balance stated above (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is THE CIT GROUP/CONSUMER FINANCE, INC.
I understand that You may transfer this Note.

### 2. INTEREST

I will pay interest at the yearly interest rate shown above. Interest will be charged on the unpaid principal beginning on the date shown above in the "Date Finance Charge Begins to Accrue" box and continuing until the principal has been paid in full. For purposes of computing interest, interest will be charged on the assumption that each monthly payment is received on the date it is due.
The interest rate set forth above is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making payments every month. I will make my monthly payments on the same day of each month beginning on the date shown above in the "Date First Payment Due" box. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Unless applicable law provides otherwise, payments shall be first applied to any prepayment charges, then to any costs and expenses incurred hereunder or under the Deed of Trust securing this Note, then to interest then due and then to principal. If, on the "Date Final Payment Due" shown above, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date." I will make my monthly payments at your address shown above or at a different place if required by You.

(B) Amount of Monthly Payments

Each of my monthly payments will be in the amount shown above in the "Amount of Other Payments" box except my first payment will be in the amount shown above in the "Amount of First Payment" box.

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal before they are due. Any payment made before it is due is known as a "prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment." If I make a partial prepayment, there will be no changes in the amounts of my monthly payments unless You agree in writing to those changes. I may make a full or partial prepayment at any time. You earn any prepaid finance charge at the time the loan is made and no part of it will be refunded if I pay in full ahead of schedule.

### 5. LOAN PURPOSE STATEMENT

I confirm that the proceeds of this loan are intended by me for use primarily for personal, family or household purpose.

SEE PAGE 2 FOR ADDITIONAL IMPORTANT TERMS

I hereby acknowledge receipt of a completed and signed copy of this Note.
WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

X *Frederica Smith* _____ Borrower (Seal)
FREDERICA SMITH

*Willie R Smith* _____ Borrower (Seal)
WILLIE R SMITH

_____ Borrower (Seal)

_____ Borrower (Seal)

08/28/02   16:24   1537604
2-2139A (4/01) North Carolina Note

EXHIBIT 1

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. You may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge**

If a payment is more than 15 days late, I will be charged a late charge equal to 4% of the unpaid amount of the payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, You may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount and any other amounts I then owe to You under this loan.

**(C) Payment of Your Costs and Expenses**

If You require me to pay immediately in full as described above, You will have the right to be paid back by me for all of Your costs and expenses in enforcing this Note to the extent not prohibited by applicable law. I agree to pay, to the extent allowed by law, reasonable fees, costs and expenses (including but not limited to reasonable attorneys' fees, court costs, and expenses incurred in connection with any bankruptcy proceedings) paid or incurred by You in connection with the collection or enforcement of this Note or in connection with enforcement or reconveyance of the Deed of Trust securing this Note, whether or not suit is filed.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address on the other page or at a different address if I give You a notice of my different address.

Any notice that must be given to You under this Note will be given by mailing it by first class mail to You at the address shown on the other page or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. You may enforce your rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require You to demand payment of amounts due. "Notice of dishonor" means the right to require You to give notice to other persons that amounts due have not been paid.

**11. DEED OF TRUST**

In addition to the protections given to You under this Note, a Deed of Trust dated the same date as this Note protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

**12. GOVERNING LAW**

This Note shall be governed by the laws of the State of North Carolina and any applicable federal law. In the event of a conflict between any provision of this Note and any federal or North Carolina state statute, law, or regulation in effect as of the date of this Note, the statute, law, or regulation shall control to the extent of such conflict and the provision contained in this Note shall be without effect. All other provisions of this Note will remain fully effective and enforceable.

SEE PAGE 1 FOR ADDITIONAL IMPORTANT TERMS

FREDERICA SMITH
08/28/02    16:24    1537604
2-2139B

BK1282PG0547

MARGARET SEYMOUR
REGISTER OF DEEDS
LENOIR COUNTY

02 SEP -5 PM 3: 36

WHEN RECORDED MAIL TO

THE CIT GROUP/
CONSUMER FINANCE, INC.
P.O. BOX 630
MARLTON, NJ 08053-3941

PREPARED BY: ✓ EUGENE B. DAVIS, JR., ATTORNEY AT LAW
RETURN TO: 1442 MILITARY CUTOFF ROAD, SUITE 24
WILMINGTON, NORTH CAROLINA 28403
PHONE: (910) 256-0090

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST

| TRUSTOR(S) Name(s) and Address(es) | FREDERICA SMITH ✓ WILLIE R SMITH UNMARRIED<br><br>3096 POOLE RD ROAD KINSTON, NC 28504 ("Borrower") | Beneficiary Name and Address | THE CIT GROUP/CONSUMER FINANCE, INC. 5000 FALLS OF NEUSE ROAD SUITE 405-5000 N. PRK. BLD. RALEIGH, NC 27609 ("Lender") |
|---|---|---|---|

TRUSTEE'S NAME AND ADDRESS
CRAIG A WILLIAMSON 5000 FALLS OF NEUSE, STE. 405 RALEIGH NC 27609

| LOAN NUMBER | DATE 08/30/2002 | PRINCIPAL BALANCE $56,800.00 | FINAL PAYMENT DATE 09/05/32 |
|---|---|---|---|

Borrower owes Lender the principal sum shown in the Principal Balance box above. This debt is evidenced by Borrower's note dated the same date as this Deed of Trust ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on the Final Payment Date shown above. This Deed of Trust secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications; (b) the payment of all other sums, with interest, advanced under paragraph 2 to protect the security of this Deed of Trust; and (c) the performance of Borrower's covenants and agreements under this Deed of Trust and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in _____
LENOIR _____ County, North Carolina:

```
Lot No. five (5) as shown on a map of the property of
Insil Sullivan made by Ray W. Jones, Registered Surveyor,
in February, 1953, and which map is recorded in Map Book 5,
Page 50, Lenoir County Registry.
```

which has the address of  3096 POOLE RD                    ,  KINSTON,
                              (Street)                             (City)
North Carolina    28504          ("Property Address");
                 (Zip Code)

Together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property."

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property. Borrower warrants that the lien created by this Deed of Trust is a valid and enforceable lien subordinate only to easements, liens and restrictions of record as of the date of this Deed of Trust, and that during the entire term of the indebtedness secured by

SEE PAGES 2, 3, AND 4 FOR ADDITIONAL IMPORTANT TERMS

08/28/02   16:24   1537604
2-213RA(NK/02) North Carolina Deed of Trust

Initial(s)   x F.S.   x WRS   23.00

EXHIBIT
2

BK1282PG0548

this Deed of Trust Borrower will not permit this lien to become subordinate to anything else. Borrower warrants and will defend the title to the Property against all claims and demands except such easements, liens and restrictions of record as of the date of this Deed of Trust.

Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Taxes-Liens-Insurance-Maintenance.** Borrower will pay, when they are due and payable, all taxes, liens or security titles (legal claims), assessments, obligations, water rates and any other charges against the Property, whether superior or inferior to the lien or security title of this Deed of Trust, including paying Lender any costs, including outside attorney's fees incurred by Lender in defending any lawsuit by prior or later lienholders or security title holders on the Property, maintain hazard insurance on the Property in Lender's favor in a form and amount satisfactory to Lender and keep the Property in good repair at all times during the term of this Deed of Trust pursuant to paragraph 4 below. If Borrower fails to maintain the Property in good repair, Lender may enter the Property and make those repairs necessary to maintain the Property in good repair. Lender may pay any such tax, lien or security title, assessment, obligation, water rates, premium or other charge necessary to maintain the Property in good repair, or any amount required to purchase such insurance in Lender's own name, if Borrower fails to do so. The amount Lender pays will be due and payable to Lender on demand, will bear an interest charge at the interest rate set forth in the Note secured by this Deed of Trust if permitted by law, or, if not, at the highest lawful interest rate, will be an additional lien or security title on the Property and may be enforced and collected in the same manner as the other obligations secured by this Deed of Trust. The insurance carrier providing the insurance referred to above will be chosen by Borrower subject to Lender's approval which will not be unreasonably withheld. All insurance policies and renewals must be acceptable to Lender and must include a standard mortgagee clause. Lender will have the right to hold the policies and renewals. If Lender requires, Borrower will promptly give to Lender all receipts of paid premiums and renewal notices. In the event of a loss, Borrower will give prompt notice to the insurance carrier and Lender. Lender may file a proof of loss if not made promptly by Borrower. Insurance proceeds will be applied to the restoration or repair of the Property damaged or, at Lender's option, the insurance proceeds will be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within ten (10) days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. The ten (10)-day period will begin when the notice is given.

**3. Application of Payments.** Unless applicable law provides otherwise, payments shall be first applied to any costs and expenses incurred under this Deed of Trust, then to interest then due and then to principal.

**4. Preservation and Maintenance of Property; Leaseholds.** Borrower shall not destroy, damage or substantially change the Property, allow the Property to deteriorate or commit waste. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease, and if Borrower acquires fee title to the Property, the leasehold and fee title shall not merge unless Lender agrees to the merger in writing.

**5. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain the insurance in effect until such time as the requirement for the insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

**6. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the sums secured by this Deed of Trust shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the payments referred to in paragraph 1 or change the amount of such payments.

**8. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**9. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Deed of Trust shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 15. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Deed of Trust but does not execute the Note: (a) is co-signing this Deed of Trust only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Deed of Trust; (b) is not personally obligated to pay the sums secured by this Deed of Trust; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent.

**10. Loan Charges.** If the loan secured by this Deed of Trust is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**11. Legislation Affecting Lender's Rights.** If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Deed of Trust unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Deed of Trust and may invoke any remedies permitted by paragraph 16.

SEE PAGES 1, 3, AND 4 FOR ADDITIONAL IMPORTANT TERMS

FREDERICA SMITH
08/28/02    16:24    1537604
2-21388

Initial(s)    x F.S    x W R

BK1282PG0549

**12. Notices.** Any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. Borrower requests that copies of any notices of default and sale be sent to Borrower's address which is the Property Address unless otherwise indicated on the front page of this Deed of Trust. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**13. Governing Law; Severability.** This Deed of Trust shall be governed by North Carolina and applicable federal law. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Note are declared to be severable.

**14. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Deed of Trust.

**15. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

**16. Default.** If Borrower defaults in paying any part of the indebtedness secured by this Deed of Trust or if Borrower defaults in any other way, the entire unpaid principal and any accrued and unpaid interest thereon and any other amounts Borrower then owes under the loan secured by this Deed of Trust will become due, if Lender desires.

Lender may execute and record, in the Office of the Recorder of each county in which the Property or some part is located, a written notice of the default and Lender's election to sell the Property secured by this Deed of Trust. Lender may rescind the notice before the Trustee's sale by executing and recording a notice of rescission, which will cancel any prior notice of default and of any acceleration of the maturity of the indebtedness affected by any prior notice of default. Lender's rescission of a notice of default will not waive any existing or subsequent default nor impair Lender's right to execute any notice of default and election to cause the Property to be sold nor otherwise affect any of Lender's rights under this Deed of Trust.

After the time required by law following the recording of the notice of default has elapsed, the Trustee may give notice of sale as then required by law and, without demand on Borrower, sell the real estate at the time and place fixed in the notice of sale either as a whole or in separate parcels in whatever order the Trustee determines, at public auction to the highest bidder for cash. The Trustee may postpone the sale from time to time by making a public announcement at the original or previously postponed time and place of sale, and without further notice, the Trustee may make such sale at the time to which the sale may be so postponed.

The Trustee will deliver to the purchaser a Trustee's deed conveying the real estate sold, but without any covenant of warranty, express or implied. Any person, including Lender or Borrower, may bid at the sale and purchase the real estate. The proceeds of the sale will be applied by the Trustee first, to the payment of all fees and expenses of the Trustee and of this trust; second to all sums expended by Lender under the terms of this Deed of Trust which have not been repaid, with accrued interest at the amount allowed by law; third to all other sums secured by this Deed of Trust; and any remainder to the persons legally entitled to it.

Default under the terms of any instrument secured by a lien to which this Deed of Trust is subordinate shall constitute default hereunder.

**17. Lender in Possession.** Upon acceleration under paragraph 16 or abandonment of the Property, Lender (in person, by agent or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. Any rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust.

**18. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request the Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing debt secured by this Deed of Trust to the Trustee. Trustee shall reconvey the Property without warranty. The trustee or Lender may charge a fee for services rendered in connection with the preparation, execution or recordation of a reconveyance, or request for a reconveyance, to the extent allowed by law. Such person or persons shall pay any recordation costs.

**19. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Deed of Trust is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**20. Riders to this Deed of Trust.** If one or more riders are executed by Borrower and recorded together with this Deed of Trust, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust as if the rider(s) were a part of this Deed of Trust [Check applicable box(es)]

| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ 2-4 Family Rider |
|---|---|---|
| ☐ Graduated Payment Rider | ☐ Planned Unit Development Rider | ☐ Manufacturing Housing Rider |
| ☐ Request for Copy of Notice of Default | ☐ Other(s) [specify] | |

**21. Trustee's Fees.** The Trustee shall be entitled to a commission of five percent (5%) of the gross proceeds of sale or the minimum sum of $750, whichever is greater, upon a completed foreclosure under this Deed of Trust. In the event foreclosure is commenced but not completed, Borrower shall pay all expenses incurred by Trustee and a partial commission computed on five percent (5%) of the outstanding indebtedness, or the above stated minimum sum, whichever is greater, in accordance with the following schedule: one-fourth(1/4) thereof before the Trustee issues a notice of hearing on the right to foreclosure; one-half(1/2) thereof after issuance of said notice; three-fourths (3/4) thereof after such hearing; and the full commission after the initial sale.

SEE PAGES 1, 2, AND 4 FOR ADDITIONAL IMPORTANT TERMS

FREDERICA SMITH
08/28/02   16:24   1537604
2-2138C

Initial(s) x F.S.   x W.R.

BK 1282 PG 0550

By signing under seal below, Borrower accepts and agrees to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by Borrower and recorded with it.

x _Frederica Smith_ (Seal)  _Willie R Smith_ (Seal)
FREDERICA SMITH        -Borrower    WILLIE R SMITH        -Borrower

_____ (Seal)  _____ (Seal)
                       -Borrower                         -Borrower

STATE OF NORTH CAROLINA           } SS.
COUNTY OF _New Hanover_            }

On _August 30, 2002_ before me, _Cathy D. Register_
                                  (Notary Name and Title)

personally appeared _Frederica Smith and Willie R. Smith, unmarried_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Cathy D. Register_ , Notary Public

My Commission expires: _4-18-2004_                                 (Notarial Seal)

REQUEST FOR RECONVEYANCE
TO TRUSTEE:

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated: _____            _____

SEE PAGES 1, 2, AND 3 FOR ADDITIONAL IMPORTANT TERMS

```
NORTH CAROLINA: Lenoir County
    The foregoing certificate of Cathy D.
    Register         N.P. of New Hanover Co.
is certified to be correct.
    Filed for registration at 3:36 o'clock P M
this  5   day of September , 2002
    Margaret Seymour, Register of Deeds
    By: Pam Kub
        Deputy/Assistant
```

2-2138D
08/28/02    16:24   1537604                              Initial(s) x _F.S._  x _____

```
Doc ID: 004421350002 Type: CRP
Recorded: 03/28/2014 at 10:45:35 AM
Fee Amt: $77.00 Page 1 of 2
Revenue Tax: $51.00
Lenoir County, NC
Pam Rich Register of Deeds
BK 1715 PG 591-592
```

OFFICE OF LENOIR COUNTY
TAX ADMINISTRATOR
by
date 3/28/14

TRUSTEE'S DEED          INDEXED

NORTH CAROLINA

LENOIR COUNTY

Prepared by/Return to:
Hutchens Law Firm
P.O. Box 12497, Charlotte, NC 28220-2497
Firm Case No: 1060710 (FC.CH)

REVENUE: $51.00

TAX ID: 450702759137

Not the primary residence of the Grantor herein

THIS TRUSTEE'S DEED, made this 19th day of March, 2014, by Substitute Trustee Services, Inc., Substitute Trustee, of the County of Cumberland, and State of North Carolina, 201 South McPherson Church Road. Suite 232, Fayetteville, NC 28303, party of the first part, to The Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust 2003-1, 13801 Wireless Way, Oklahoma City, OK 73134, party of the second part;

WITNESSETH:

THAT WHEREAS, on the 30th day of August, 2002, Frederica Smith and Willie R. Smith, executed and delivered to Craig A. Williamson, Trustee, a certain Deed of Trust, which is recorded in Book 1282, Page 0547, in the Office of the Register of Deeds of Lenoir County, North Carolina; and,

WHEREAS, the undersigned, Substitute Trustee Services, Inc., having been substituted as Trustee in said Deed of Trust by an instrument duly recorded in Book 1648, Page 680, Lenoir County Registry; and,

WHEREAS, in Special Proceeding Number 12 SP 6, under and by virtue of the authority conferred by the said Deed of Trust, and in accordance with the terms and stipulations of the same, and after due advertisement as in said Deed of Trust prescribed and by law provided, the said Substitute Trustee did on the 5th day of March, 2014, at the Courthouse Door, in the City of Kinston, North Carolina, expose to public sale the lands hereinafter described, where and when, The Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust 2003-1, became the last and highest bidder for the sum of Twenty-Five Thousand One Hundred Forty-Five Dollars and 34/100 ($25,145.34); and,

WHEREAS, said sale was duly reported to the Office of the Clerk of Superior Court, Lenoir County, North Carolina and no increased bid has been filed within the time allowed therefore by law;

NOW, THEREFORE, in consideration of the premises and the sum of Twenty-Five Thousand One Hundred Forty-Five Dollars and 34/100 ($25,145.34), paid to the said party of the first part by the said party of the second part, the receipt of which is hereby acknowledged and under and by virtue of the power and authority by said Deed of Trust conferred, the said Substitute Trustee, as aforesaid, does hereby bargain, sell and convey unto The Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust 2003-1, its successors and assigns, all that certain parcel, lot or tract of land lying and being in the County of Lenoir, State of North Carolina, and being more particularly described as follows:

Lot No. Five (5) as shown on a map of the property of Insil Sullivan made by Ray W. Jones, Registered Surveyor, in February, 1953, and which map is recorded in Map Book 5, Page 50, Lenoir County Registry. Together with improvements located thereon; said property being located at 3096 Poole Road, Kinston, North Carolina. Parcel number 450702759137.

EXHIBIT 3

Book: 1715  Page: 591

SUBJECT, HOWEVER, to all taxes, special assessments and prior liens or encumbrances of record against said property and any recorded releases.

TO HAVE AND TO HOLD said lands and premises and all privileges and appurtenances thereto belonging unto the said The Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust 2003-1, its successors and assigns, forever, in as full and ample a manner as the said Substitute Trustee, as aforesaid, is authorized and empowered to convey the same.

IN WITNESS WHEREOF, the Grantor has caused this instrument to be signed in its corporate name by its duly authorized officers, the day and year first above written.

SUBSTITUTE TRUSTEE SERVICES, INC.
SUBSTITUTE TRUSTEE

BY: _____

Palmer Maas          Vice President

NORTH CAROLINA – CUMBERLAND COUNTY

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated: ____Palmer Maas____ Vice President.

Date: March 19, 2014

_____
Official Notary Signature

Ann J. Savage
_____ Notary Public
Notary Public printed typed name

My Commission Expires: 8-31-2014

*Official Seal*

RETURN TO:
Hutchens Law Firm
P.O. Box 12497
Charlotte, NC 28220-2497
Telephone: (704)-362-9255

Book: 1715  Page: 591  Seq: 2